IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS ADDUCI | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-6326 |
| v. | ) | |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY (official capacity) and COUNTY OF COOK, a unit of local government as indemnitor, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

NICHOLAS ADDUCI ("Plaintiff"), by and through his undersigned attorney, Cass T. Casper, Esq., DISPARTI LAW GROUP, P.A., complains as follows against THOMAS J. DART, Sheriff of Cook County in his official capacity, and the COUNTY OF COOK, as indemnitor.

**NATURE OF THE ACTION**

1. This is an action for relief from employment discrimination and for failure to accommodate in violation of the Americans with Disabilities Act.

2. Plaintiff seeks injunctive and declaratory relief, compensatory damages, back pay, back benefits, pre-judgment interest, and reasonable attorney's fees and court and litigation costs as remedies for Defendant Dart's violations of his rights.

**JURISDICTION & VENUE**

3. Jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1337 and pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

4. This Court has jurisdiction to award attorney's fees under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

5. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein have occurred in this district, and because Defendants maintain places of operation within this District.

## PARTIES

6. Plaintiff NICHOLAS ADDUCI is a natural person, a legal adult, and a resident of this judicial district. At all times relevant, he has been employed by Defendants Sheriff and Cook County as a Cook County Sheriff Deputy Sheriff.

7. Defendant THOMAS DART ("DART"), is sued in his official capacity as the duly-elected Sheriff of Cook County. He has a principal place of operation at 50 West Washington Street, Chicago, Illinois 60602. Defendant DART harmed Plaintiff in Cook County, Illinois.

8. At all times relevant, both Defendants Dart and Cook County have had at least 15 employees for each working day during 20 or more calendar weeks within the calendar year preceding the violations and the filing of this Complaint, and are and have been, therefore, employers within the meaning of the Americans with Disabilities Act.

9. Defendant COOK COUNTY is a County in the State of Illinois with a principal place of business of 118 North Clark Street, Chicago, IL 60602. The County has indemnification obligations for wrongful acts committed by its officials or employees, such as the Sheriff. *See* 745 ILCS §§ 10/1-202 and 9-102 and is named in its capacity as indemnitor.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

10. On December 18, 2020, Plaintiff timely filed a charge of disability discrimination with the EEOC. A true and correct copy of that Charge is attached in Group Exhibit 1.

11. Plaintiff has given notice to the Employer of his EEOC Charge and this impending suit

thereby, and the Employer has had ample to time negotiate with the Plaintiff and his attorney, and to utilize the conciliation services of the EEOC, but has not done so.

12. On August 27, 2021 Plaintiff received a right to sue letter from the U.S. Department of Justice on the ADA violations articulated in his Charge. A true and correct copy of that letter is attached in Group Exhibit 1.

13. Plaintiff has exhausted his administrative proceedings before the EEOC.

### COUNT I: 42 U.S.C. § 12101, *et seq.* DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT
(Plaintiff v. Defendant Dart)

14. Plaintiff repeats, re-alleges and incorporates by reference, the allegations in Paragraphs one through thirteen of this Complaint with the same force and effect as if herein set forth.

15. To establish a claim for failure to accommodate, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability. *Hoffman v. Caterpillar, Inc.,* 256 F.3d 568, 572 (7th Cir.2001). As to the third element, the "ADA requires that employer and employee engage in an interactive process to determine a reasonable accommodation." *Baert v. Euclid Beverage, Ltd.,* 149 F.3d 626, 633 (7th Cir.1998). If a disabled employee shows that her disability was not reasonably accommodated, the employer will be liable only if it bears responsibility for the breakdown of the interactive process. *Beck v. Univ. of Wisc. Bd. of Regents,* 75 F.3d 1130, 1137 (7th Cir.1996). *See E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

16. The Americans with Disabilities Act prohibits an employer from treating a

qualified individual with a disability who is an employee unfavorably because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

17. Plaintiff has a disability and a record of disability because he has a physical impairment (diabetes), which substantially limits, *inter alia*, his ability to regularly eat or refrain from eating on a normal schedule, stand for long periods of time without a break, work overtime without an accommodation in the form of being allowed to refill his insulin pump first, and he must always wear an insulin pump and regularly test his blood sugar.

18. Plaintiff has a record of physical impairment because he has a history of diabetes that substantially limits the life activities alleged above.

19. Plaintiff can perform all of the true essential functions of the Deputy Sheriff position with accommodations for his diabetic condition, including more regular breaks to monitor his blood sugar and to eat to regulate his blood sugar, exceptions to the contraband policy in order to ensure Plaintiff has access to his diabetic supplies and food, and relief from overtime in the form of being allowed to refill his insulin pump before working overtime.

20. Plaintiff utilized medical time between approximately May 3, 2020 and May 15, 2020.

21. Following May 15, 2020, Plaintiff contacted the Sheriff's Human Resources Department at least 11 times seeking to be granted accommodations for his disability that would allow him to return to work.

22. During Plaintiff's efforts to return to work, he made his disability known to Human Resources staff, including Rebecca Reierson, numerous times.

23. Defendant has at all times relevant been aware of Plaintiff's physical impairment.

24. At no time did the Sheriff grant Plaintiff any accommodations, instead requiring him to remain in no-pay status.

25. Plaintiff obtained doctor's notes in or about July 2020 authorizing him to return to work with accommodations.

26. Plaintiff continued to contact Human Resources after July 2020 about his accommodation requests and efforts to return to work.

27. Despite Plaintiff's requests, no accommodations were offered Plaintiff, he was not allowed to return to his Deputy Sheriff position, and he remained in no pay status.

28. At no time did the Human Resources Department engage in a meaningful interactive process with Plaintiff in order to ascertain a reasonable accommodation.

29. In fact, many of Plaintiff's emails about an accommodation and request to return to work went without response for weeks.

30. As a result of the Defendant's failure to engage in the interactive process, Plaintiff was prevented by such breakdown in the process from returning to work between on or about July 2020 and July 2021.

31. Plaintiff has lost approximately one year in pay, pension benefits, and seniority as a result of the Sheriff's refusal to engage in a meaningful interactive process.

32. Plaintiff has been treated differently than other non-disabled Deputy Sheriffs in that he has been deprived of the emoluments of employment, pay, and benefits, for the approximately one year period between July 2020 and July 2021 as a result of the Sheriff's refusal to engage in a meaningful interactive process about an accommodation for his disability.

33. Defendant's actions have caused Plaintiff damages, including, but not limited to, loss of pay, benefits, other emoluments of employment, and immense emotional distress,

anxiety, worry, and fear.

WHEREFORE, there is sought, judgment against Defendants and in favor of Plaintiff, for back pay, actual, general, special, and compensatory damages in actual amounts to be proved at trial. Plaintiff also seek declaratory relief directed against the Sheriff and the individual Defendants that they are violating the ADA and are a direction to cease. Plaintiff further demands judgment against Defendant for attorney's fees, court and litigation costs, and such other relief deemed to be just and equitable.

## COUNT II: INDEMNIFICATION
**(Plaintiff v. Cook County)**

34. Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

35. Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as Defendant Thomas J. Dart and the other Individual Defendants. *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

WHEREFORE, Plaintiff respectfully requests that Defendant Cook County be directed to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by Defendant Dart in all ways for harms caused alleged herein.

### JURY DEMANDED

Respectfully submitted,

**NICHOLAS ADDUCI**

By: */s/ Cass T. Casper*
_____
His Attorney

*Cass T. Casper, Esq.*

6

DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
Phone: (312) 506-5511 ext. 331
Email: ccasper@dispartilaw.com